011613

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MELISSA REESE, )<br>)<br>            Plaintiff, )<br>    vs.                               )<br>                                        )<br>MICHAEL J. ASTRUE,     )<br>COMMISSIONER OF SOCIAL )<br>SECURITY,                       )<br>            Defendant.  ) | No. 12cv1004 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits. Briefing concluded August 8, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of July 14, 2008, plaintiff alleges disability due to multiple impairments including bipolar disorder with severe manic episodes, knee and leg pain, vertigo, borderline personality disorder, attention deficit hyperactivity disorder (ADHD), seizures, and hepatitis C. She asserts the Administrative Law Judge (ALJ) erred in assessing the credibility of her subjective claims, including (1) requiring corroboration of her subjective mental health symptoms with objective medical evidence, (2) finding her noncompliance with treatment diminished the credibility of her subjective allegations notwithstanding evidence that her noncompliance was not willful, and (3) equating her ability to perform basic cares with the ability to do work on a continuing and sustained basis in a stressful work

environment. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include a history of alcohol abuse, ADHD, depression/bipolar disorder, anxiety/panic disorder, borderline personality disorder, a seizure disorder, sleep apnea, and degenerative arthritis of the right knee, but further found she retained the residual functional capacity to engage in substantial gainful activity.

In support of her claim, plaintiff asserts that the ALJ misconstrued the nature of bipolar disorder. She urges that she has been diagnosed with both Bipolar I, and Bipolar II, depending on the severity of her manic phase, and the ALJ did not adequately address her symptoms or their impact. She asserts that medical evidence demonstrates multiple suicide attempts, depressive symptoms, hypomanic and severe manic episodes with sleep problems, agoraphobia, confusion, anxiety and panic symptoms, as well as Global Assessment Functioning (GAF) scores at or below 50 on multiple occasions demonstrating a

2

serious limitation on her ability to perform basic life tasks, all of which is consistent with her testimony as to manic episodes, memory problems, depression, and suicide attempts. She urges that the ALJ failed to consider this evidence, and erred in requiring objective medical evidence to support her claim of mental impairments. Additionally, while the ALJ found plaintiff failed to comply with treatment, plaintiff asserts the ALJ failed to consider whether she had justification for failure to do so, including an inability to afford treatment, or the mental impairment itself. Plaintiff asserts that her noncompliance was due to mental illness, and/or her inability to pay for medication, and not willful noncompliance that undermined the credibility of her subjective allegations of nonexertional impairment.

Plaintiff further urges that the ALJ erred in finding her capable of performing substantial gainful activity on a continuing and sustained basis. In support, she urges that the fact that she is occasionally able to attend to basic cares does not support a conclusion that she can perform work on a continuing and sustained basis.

Upon review, the ALJ properly found plaintiff's severe mental impairments could reasonably be expected to cause symptoms. However, it is the court's view that the ALJ erred in discounting the credibility of plaintiff's subjective allegations as to nonexertional mental impairments, including in light of diagnoses and symptoms evidenced throughout the record, T. 241-243, 258-262, 279-288, 293,

298, 300-302, 304, 306, 308, 311, 394-398, 452-453, 470-477, based upon the ALJ's finding that the symptoms were not supported by objective medical evidence. T. 17. It is the court's further view that plaintiff's minimal activities are not inconsistent with her allegations, particularly in light of the alleged recurring and episodic nature of the symptoms of her nonexertional mental impairments. While the ALJ relied upon plaintiff's periodic noncompliance with medications in discounting the credibility of her subjective allegations, it is the court's view that the ALJ erred in not discussing or considering proffered financial and mental reasons for noncompliance.

Upon the foregoing, it is the court's view that the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

January 22, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT